An appropriate Order follows.

Denise M. Marusco **GODFREY and** Byron J. Godfrey, Plaintiffs,

v.

**UPLAND BOROUGH, et al., Defendants.**

**CIVIL ACTION NO. 15-6477**

United States District Court, E.D. Pennsylvania.

Signed 07/18/2017

J. Michael Considine, Jr., J. Michael Considine Jr PC, Philadelphia, PA, for Plaintiff.

James B. Halligan, III, Law Offices of James B. Halligan III PLLC, Robert P. Didomenicis, Holsten & Associates, James J. Byrne, Kelly C. Hayes, Kelly Susan Sullivan, McNichol Byrne & Matlawski PC, Thomas A. Musi, Jr., Musi & Malone & Daubenberger, LLP, Media, PA, Richard J. Davies, Cory P. Taylor, Powell Trachtman Logan Carrle Bowman & Lombardo, PC, King of Prussia, PA, for Defendant.

### ORDER

CYNTHIA M. RUFE, District Judge.

Before the Court are: (1) the Motion to Dismiss Plaintiffs' Third Amended Complaint ("TAC") filed by Defendants Delaware County Regional Water Control Authority ("DELCORA"), Joseph Centrone, and Robert A. Powell; (2) the Motion to Dismiss filed by Defendant John Sucher; and (3) Plaintiffs' Motion for Leave to File a Fourth Amended Complaint. For the reasons that follow, Defendants' motions to dismiss will be granted in part and denied in part, and Plaintiffs' motion for leave to amend will be denied.

## I. BACKGROUND

Plaintiffs have filed a succession of complaints alleging that Defendants conspired to install and conceal unlawful water control infrastructure on their property, destroying its value. In the operative TAC, Plaintiffs assert the following claims: (1) First Amendment retaliation against Upland Borough; (2) fraud against Mr. Centrone, Mr. Powell, Mr. Sucher, Catania Engineering Associates, Inc., Thomas Kennedy, and Charles J. Catania; (3) malicious prosecution against Mr. Kennedy, Parker Ferguson, Mr. Catania, Robert O'Connor, Edward Mitchell, and Leyland Hunter; and (4) violation of due process under the Fourteenth Amendment against Mr. Powell, Catania Engineering, and Mr. Catania.

The TAC was preceded by Plaintiffs' Second Amended Complaint ("SAC"), in which Plaintiffs included a due process claim against DELCORA. DELCORA moved to dismiss that claim, and the Court denied the motion. The Court also granted Plaintiffs leave to amend to name Mr. Centrone, Mr. Powell, and Mr. Sucher (all allegedly DELCORA employees) as Defendants. Plaintiffs then filed the TAC, which confusingly no longer appears to assert a due process claim against DELCORA. DELCORA, Mr. Centrone, Mr.

Powell, and Mr. Sucher have all moved to dismiss the claims against them. Plaintiffs oppose the motions and seek leave to file a Fourth Amended Complaint clarifying that DELCORA's omission from the TAC was a mistake, and that the claims against the various individual Defendants are brought as both individual and official-capacity claims.

## II. ANALYSIS

### A. DELCORA's Motion to Dismiss

■ After the Court decided Defendants' motions to dismiss the SAC, only Plaintiffs' due process claim remained against DELCORA.[1] In the TAC, however, Plaintiffs omitted DELCORA from the *ad damnum* clause for that claim, and DELCORA now moves to dismiss on the basis that Plaintiffs no longer assert any claims against it.[2] This motion will be denied because the Court has already held that Plaintiffs' due process claim may proceed against DELCORA, and DELCORA's omission from the *ad damnum* clause in the TAC appears to have been a mistake.

The Court recognizes that because of persistent confusion regarding Plaintiffs' claims, the Court previously set a rule that each Defendant would only be required to respond to a claim if that Defendant was expressly identified in the *ad damnum* clause for that claim.[3] Despite this clear

mandate, Plaintiffs inexplicably omitted DELCORA from the *ad damnum* clause for their due process claim. Nonetheless, because Plaintiffs' due process claim has already survived a variety of pleading-stage challenges, in the interest of justice, the Court will allow Plaintiffs to proceed with this claim against DELCORA.

### B. Motions to Dismiss of Mr. Centrone, Mr. Sucher, and Mr. Powell

Mr. Centrone, Mr. Powell, and Mr. Sucher all move to dismiss Plaintiffs' fraud claim for failure to state a claim, and Mr. Powell moves to dismiss Plaintiffs' due process claim on the basis of immunity.

### 1. Fraud Claim Against Mr. Centrone

■ Plaintiffs fail to state a fraud claim against Mr. Centrone.[4] Aside from general allegations that Mr. Centrone was involved in the conspiracy, Plaintiffs allege only that Mr. Centrone twice told Plaintiffs that DELCORA would "fix their saddle."[5] Plaintiffs fail to explain how Mr. Centrone's offer to "fix their saddle" was fraudulent and do not plausibly allege that they relied on this statement to their detriment. Plaintiffs' fraud claim against Mr. Centrone will be dismissed. Dismissal will be with prejudice because Plaintiffs have already had many opportunities to amend their complaint and have not explained

---

1. Doc. Nos. 33, 52.

2. Doc. No. 56–1 (DELCORA's Motion to Dismiss Plaintiffs' Third Amended Complaint) at 4–5.

3. Doc. No. 52 at 7–8.

4. The elements of fraud under Pennsylvania law are: "(1) a misrepresentation, (2) material to the transaction, (3) made falsely, (4) with the intent of misleading another to rely on it, (5) justifiable reliance resulted, and (6) an injury proximately caused by the reliance." See *Fox Int'l Relations v. Fiserv Secs., Inc.*, 490 F.Supp.2d 590, 606–07 (E.D. Pa. 2007)

(citing *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005)). "To satisfy [Rule 9(b)], the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, Avandia MDL No. 1871, 2013 WL 5761202, at *8 (E.D. Pa. Oct. 23, 2013) (citations and internal quotation marks omitted).

5. Doc. No. 55 ¶ 72.

how the defects with their claim against Mr. Centrone could be remedied.

### 2. Fraud Claim Against Mr. Sucher

■ Similarly, the allegations against Mr. Sucher fall short. Plaintiffs allege that Mr. Sucher, who apparently is not employed by DELCORA or any other Defendant,[6] left a message on their answering machine on November 14, 2014 stating that " 'his guy' from DELCORA said they should get their lateral fixed 'or they would be in deeper shit' than they were already in." [7] This statement, while perhaps ominous, cannot ground a fraud claim because Plaintiffs do not explain Mr. Sucher's relationship to the other Defendants or his motive to mislead Plaintiffs, or allege that he knew the statement was false. Plaintiffs' fraud claim against Mr. Sucher also will be dismissed with prejudice.

### 3. Fraud Claim Against Mr. Powell

■ Plaintiffs have stated a fraud claim against Mr. Powell, as the allegations involving him are similar to those the Court previously found sufficient as to other Defendants. Plaintiffs allege that Mr. Powell repeatedly attempted to convince them that DELCORA did not have an easement on their property despite Mr. Powell's knowledge that the easement existed, which prevented Plaintiffs from addressing the problems caused by the easement.[8] Specifically, Plaintiffs allege that Mr. Pow-

ell wrote them a letter dated February 11, 2014, in which he fraudulently denied the existence of the easement. In the context of the TAC, these allegations are sufficient to state a fraud claim.

### 4. Due Process Claim Against Mr. Powell

Mr. Powell moves to dismiss Plaintiffs' due process claim. He argues that any individual-capacity claim against him is barred by qualified immunity, and that any official-capacity claim against him fails because Plaintiffs have not alleged that a municipal policy or custom caused their injury.

■ Regarding individual-capacity claims, "[t]he doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." [9] In evaluating whether an official is entitled to qualified immunity, courts must determine whether the plaintiff has alleged the violation of a constitutional right and whether the right was " 'clearly established' at the time of defendant's alleged misconduct." [10] A right is clearly established if 'it would be clear to a reasonable officer that his conduct was unlawful in the

---

6. Mr. Sucher's employment status is unclear. Mr. Sucher was not named as a Defendant in Plaintiffs' earlier complaints, and Plaintiffs first sought leave to add him as a Defendant in the TAC, representing that he "at all times relevant to this matter was employed by DELCORA ... acting within the course and scope of his employment." Doc. No. 55 ¶ 9. Now, Plaintiffs seem to have abandoned this theory, and instead suggest that Mr. Sucher was a third party, whose relationship with DELCORA has never been explained. Doc. No. 60 (Plaintiffs' Motion for Leave to File Fourth

Amended Complaint, incorrectly styled "Motion for Leave to File Second Amended Complaint") at 2 & Doc. No. 60–1 ¶ 9.

7. Doc. No. 55 ¶ 70.

8. *Id.* ¶¶ 65, 75, 100, 107.

9. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (citation and internal quotation marks omitted).

10. *Id.* (citation omitted).

situation he confronted.' " [11] "To be clearly established, the very action in question need not have previously been held unlawful." [12] "Rather, the contours of the right must be sufficiently clear such that the unlawfulness of the action is apparent in light of pre-existing law." [13]

■■■ Plaintiffs allege that Mr. Powell conspired to install and cover up unlawful water-control infrastructure on their property, destroying its value, and that this violated their due process rights by depriving them of their property without notice, a hearing, or compensation. Taken as true, these allegations establish a claim for violation of Plaintiffs' due process rights. Because the rights at issue—Plaintiffs' rights not to be deprived of their property without due process—are clearly established, dismissal on qualified immunity grounds is not warranted at this time. [14]

■■■ However, any claim against Mr. Powell in his official capacity will be dismissed. Official-capacity claims "represent only another way of pleading an action against an entity of which an officer is an agent." [15] "[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." [16] Plaintiffs fail to identify any policy or custom that caused the alleged violations of their constitutional rights. Thus,

any official-capacity claim against Mr. Centrone will be dismissed with prejudice.

## C. Plaintiffs' Motion for Leave to Amend

■■■ Plaintiffs seek leave to file a Fourth Amended Complaint that will: (1) expressly assert a due process claim against DELCORA; (2) clarify that their claims against Mr. Kennedy, Mr. Catania, Mr. Centrone, Mr. Powell, and Mr. Sucher are brought as both individual and official-capacity claims; and (3) clarify that Mr. Sucher is not a DELCORA employee.

Plaintiffs' motion will be denied. The Court has already held that Plaintiffs may proceed with their due process claim against DELCORA, so the TAC has been constructively amended. Regarding the individual Defendants, the Court presumed that Plaintiffs sought relief against them in their individual capacities, and Plaintiffs have not identified any policy or custom causing their injury, so amendment to assert official-capacity claims would be futile. And because the fraud claim against Mr. Sucher has been dismissed, there is no need to clarify his employment status.

■■■ Moreover, Plaintiffs have already been given three opportunities to amend their complaint. The Court ruled months ago that most of Plaintiffs' claims could proceed to discovery. There is simply no need to delay these proceedings any long-

11. *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

12. *Dougherty v. Sch. Dist. of Phila.*, 772 F.3d 979, 993 (3d Cir. 2014) (citation omitted).

13. *Id.* (citations and internal quotation marks omitted).

14. *E.g., Chainey v. Street*, No. Civ. A. 03-6248, 2005 WL 696883, at *2 (E.D. Pa. Mar. 22, 2005) (in case where plaintiffs alleged that defendants conspired to seize their house,

stating "[t]hat the rights alleged to have been violated were clearly established at the time of the alleged violation is so obvious as to obviate the need for any serious discussion").

15. *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

16. *Id.* at 166, 105 S.Ct. 3099 (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. 2018).

er. Rule 15 instructs courts to grant leave to amend "when justice so requires." That is not the case here.[17]

Also, it appears that Plaintiffs have not served the late Charles J. Catania (or his estate) with either the SAC, in which he was first named as a Defendant, or the TAC.[18] Because more than 90 days have elapsed since both were filed, Mr. Catania will be dismissed from this case without prejudice under Rule 4(m) for failure to effect timely service.[19]

\* \* \*

This case was first filed in December 2015. Since then, the parties have engaged in three rounds of motion practice, much of which has been engendered by Plaintiffs' hard-to-follow pleadings. Enough is enough. This case will proceed to discovery. The parties are cautioned to exercise due care in all future filings, and to avoid the sorts of typographical errors and mistakes of fact and law that have unfortunately plagued this proceeding. And going forward, the parties are strongly advised to pay heed to the underlying purpose of the Federal Rules of Civil Procedure: "to secure the just, speedy, and inexpensive determination of every action and proceeding."[20]

**AND NOW**, this 18th day of July 2017, upon consideration of the pending motions and responses, and for the reasons explained above, it is hereby **ORDERED** as follows:

1. The motion to dismiss of DEL-CORA, Joseph Centrone, and Robert A. Powell (Doc. No. 56) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' fraud claim against Mr. Centrone is **DISMISSED WITH PREJUDICE**, as are any official-capacity claims against Mr. Powell. DELCORA and Mr. Powell shall answer Plaintiffs' Third Amended Complaint no later than **14 days** from the date of this Order.

2. The Third Amended Complaint is **CONSTRUCTIVELY AMENDED** to add DELCORA to the *ad damnum* clause of Plaintiffs' due process claim.

3. The motion to dismiss of John Sucher is **GRANTED**. Plaintiffs' fraud claim against Mr. Sucher is **DISMISSED WITH PREJUDICE**.

4. Plaintiffs' Motion for Leave to File Fourth Amended Complaint (Doc. No. 60) is **DENIED**.

---

17. *See CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 630 (3d Cir. 2013) ("While we are cognizant of the liberal amendment policy of the Rules, it is also true that they give district courts discretion to deny a motion in order to forestall strategies that are contrary to both the general spirit of the federal rules and the liberal amendment policy of Rule 15(a).") (citation and internal quotation marks omitted). The only authority Plaintiffs cite in support of their request is Rule 15(a)(1) itself, which provides that "[a] party may amend its pleading once as a matter of course within" either 21 days of serving it or 21 days after service of a motion under Rule 12(b). Rule 15 only allows a party to amend pleadings once as a matter of course, not four times.

18. Mr. Catania was not named as a Defendant in Plaintiffs' original or First Amended Complaints, and appears to have been surreptitiously added in the Second Amended Complaint, despite not having been named as a Defendant in the Proposed Second Amended Complaint that Plaintiffs sought leave from the Court to file.

19. *See* Fed. R. Civ. P. 4(m). In addition to effecting proper service, if Mr. Catania (or his estate) is to be added as a Defendant, Plaintiffs must first seek leave of the Court and establish that the requirements of Rule 15(c)(1)(C) are met.

20. Fed. R. Civ. P. 1.

5. Plaintiffs' claims against Charles J. Catania are **DISMISSED WITHOUT PREJUDICE.**

It is so **ORDERED.**